**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

**CIVIL ACTION NO. 07-126-JBC**

**AMELIA HUDSON,**                                                                                    **PLAINTIFF,**

**V.**                                      **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                          **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon cross-motions for summary judgment on

the plaintiff's appeal of the Commissioner's denial of her application for Disability,

Disability Insurance Benefits, and Supplemental Security Income (DE 9, 10).  The

court, having reviewed the record and being otherwise sufficiently advised, will

deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the decision of the administrative law judge ("ALJ") to

deny disability benefits is limited to determining whether there is substantial

evidence to support the denial decision and whether the Secretary properly applied

relevant legal standards.  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d

679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).

"Substantial evidence" is "more than a scintilla of evidence, but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as

1

adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility.  *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II. The ALJ's Determination

The plaintiff is a twenty-five-year-old female with a five-year-old son.  She has education through the twelfth grade and has past relevant work experience as a waitress and as a housekeeper.  The plaintiff filed an application for Supplemental

Security Income based on disability on June 27, 2003, in which she alleged a disability beginning on October 31, 2000, resulting from degenerative disc disease of the lumbar and cervical spine with associated chronic pain, depression, and anxiety.  AR 69-97.

The plaintiff's initial application for benefits was denied, as was her application for reconsideration.  Following a hearing on May 10, 2006, ALJ William B. Russell denied the plaintiff's claim on June 26, 2006.  AR 15-22, 46-47, 275-311.  The Appeals Council denied the plaintiff's request for review on April 27, 2007, and this appeal followed.

At Step 1, the ALJ found the plaintiff "has not engaged in substantial gainful activity since the date she filed her application."  AR 16.  At Step 2, the ALJ found that the plaintiff's anxiety and chronic back pain qualify as "severe" but that "a variety of other sprains and acute orthopedic and surgical events" have not "lasted for sufficient duration" to qualify as severe.  AR 19.  At Step 3, the ALJ found that the plaintiff "does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4."  AR 21.  The ALJ found that the plaintiff's "testimony was not fully persuasive regarding her symptomatology and resulting limitations."  AR 21.  At Step 4, the ALJ found that the plaintiff

> has the residual functional capacity to perform work-related activities
> with pushing, pulling, lifting, and/or carrying up to 20 pounds
> occasionally and up to 10 pounds frequently; sitting, standing, and/or
> walking about six hours each during an eight-hour workday; frequent

climbing, balancing, stooping, kneeling, crouching, and/or crawling; reaching, handling, fingering, and feeling.

AR 22. Therefore, the ALJ found the plaintiff can perform "sustained work at the light level of exertion" and the vocational expert he consulted found that the plaintiff's "past relevant work, as a waitress and housekeeper, did not require the performance of work-related activities precluded by the aforementioned residual functional capacity" AR 21, 22. Consequently, the ALJ found that the plaintiff "has not been under a disability as defined in the Social Security Act and Regulations at any time through the date of . . . decision." AR 22.

### III. Legal Analysis

The plaintiff contends that the decision of the ALJ was not supported by substantial evidence on two grounds. First, she asserts that the ALJ's "residual functional capacity ('RFC') assessment was in significant conflict from the medical review opinion provided by Dr. [Frederic] Huffnagle" and that the ALJ did not sufficiently explain why Dr. Huffnagle's opinion was not adopted. The plaintiff further asserts that Dr. Huffnagle's medical file review was particularly important because it occurred on April 26, 2006, and "the last State agency opinion (physical)" on which the ALJ relied "was dated September 10, 2004." Second, the plaintiff asserts that this opinion by a state agency physician "contains the same limitations as the RFC assessment made by the ALJ." DE 9-2, 3-4.

There is no evidence in the record that Dr. Huffnagle examined the plaintiff but he did provide a two-page "orthopedic medical file review" on the plaintiff. AR

4

403-04.  Generally, in a Social Security case the opinion of a physician who did not examine the claimant is not entitled to the same weight as the opinion of a physician who actually treated the claimant.  *See* 20 C.F.R. § 416.927(d)(1)-(2). Moreover, the ALJ did note the opinion and findings of Dr. Huffnagle in his opinion. *See* AR 18-19.

While Dr. Huffnagle's findings as to the plaintiff were more restrictive than those of the ALJ regarding her RFC, it was not incumbent upon the ALJ to defer to Dr. Huffnagle's findings because assessing the RFC is the responsibility of the ALJ *See* 20 C.F.R. § 416.946(c) (stating that "the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity"). Because it is not the role of the court to weigh the evidence or conduct a trial *de novo*, *Cutlip,* 25 F.3d at 286, but instead the court is limited to determining if there is substantial evidence in the record upon which the ALJ could have relied in reaching his decision, the court will not endeavor to resolve any "conflict" between the findings of Dr. Huffnagle and other evidence in the record.  Instead, the court will decide whether there is substantial evidence in the record supporting the decision of the ALJ

The ALJ stated that he relied on "the residual functional capacity assessment completed by the State agency and the findings of fact made by the State agency and other program physicians regarding the nature and severity of the claimant's

impairments have been considered to be expert medical opinions of nonexamining sources." AR 20. One of the opinions cited by the ALJ was that of Dr. Pitt Tomlinson, which found the plaintiff could occasionally lift 50 pounds, frequently lift twenty-five pounds, stand and/or walk for six hours of an eight-hour workday, sit for six hours of an eight-hour workday and push and/or pull an unlimited amount. AR 277-84. It is not the place of the court to decide whether Dr. Tomlinson's findings outweigh those of Dr. Hufnagle. The court does note, however, that the ALJ explicitly stated that his RFC finding was "[b]ased on the evidence in its entirety, and consistent with the claimant's activities of daily living." AR 21. Therefore, the court concludes that the ALJ did rely on substantial evidence in making his findings regarding the plaintiff's RFC. The ALJ noted all of the opinions he took into consideration, including Dr. Hufnagle's, and even specifically cited the evidence he found most persuasive. That Dr. Hufnagle's opinion is more recent than Dr. Tomlinson's is less relevant because it was merely a medical records review and does not change the conclusion that the ALJ's opinion, rendered after reviewing the entire record, is justified by substantial evidence.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the defendant's motion, DE 10, is **GRANTED** and the plaintiff's motion, DE 9, is **DENIED**.

Signed on  March 24, 2008

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY